ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV
2007 SEP 13 P 3 52
CLERK
SO. DIST. OF GA.

| | |
|---|---|
| GLENN WILLIAM STEPHENSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 106-095 |
| ) | |
| RALPH KEMP, Warden and JAMES E. ) | |
| DONALD, Commissioner, Georgia ) | |
| Department of Corrections, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Glenn William Stephenson commenced the above-captioned case pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondents.

### I. BACKGROUND

On May 1, 2002, Petitioner pled guilty in the Richmond County Superior Court to two (2) counts of aggravated assault and was sentenced to confinement for a period of twelve (12) years on each count.[1] (Doc. no. 14, Ex. 5, pp. 82 & 86). Petitioner then filed a motion

---

[1] The court indicated that, upon the service of six (6) years in incarceration, Petitioner could serve the remaining 6 years on probation. (Doc. no. 14, Ex. 5, p. 167).

to reconsider the sentence, which was denied on July 8, 2002. (Doc. no. 14, Ex. 5, p. 173). Petitioner appealed, alleging that the trial court refused to consider his motion for reconsideration and that the trial court should have held an evidentiary hearing to determine whether he was sentenced on false information, whether the false information partially affected the sentence, and whether the sentence should be vacated; the Georgia Court of Appeals affirmed the trial court's sentence. (Doc. no. 14, Ex. 6, Stephenson v. State, 261 Ga. App. 402, 582 S.E.2d 492 (2003)). Subsequently, the Georgia Supreme Court denied Petitioner's petition for a writ of certiorari.

Petitioner then filed a state petition for a writ of habeas corpus in the Superior Court of Charlton County. (Doc. no. 14, Ex. 1). Petitioner argued that he received ineffective assistance of counsel because his trial counsel: (1) advised Petitioner that, if he pled guilty, he would get first offender treatment and probation; (2) failed to interview the victim or the witnesses; and (3) failed to inform the court that the victim had attacked Petitioner on previous occasions. (Id.). After an evidentiary hearing, the state habeas court denied the petition. (Id., Ex. 2). Specifically, the state habeas court found Petitioner's trial counsel: (1) interviewed Petitioner's wife, who was the victim in the case, and other witness that would talk to him; (2) promised no particular sentencing treatment; and (3) represented Petitioner vigorously, zealously, thoroughly and professionally. (Id. at 4-8). Thereafter, Petitioner filed an application for a certificate of probable cause to appeal and motion to reconsider, which were both denied on January 17 and February 28, 2006, respectively. (Id., Exs. 3 & 4).

In the instant federal petition for a writ of habeas corpus, Petitioner asserts the following claims:[2] (1) his trial counsel was ineffective for (a) advising him that he would receive probation, (b) failing to interview the victim or the witnesses, and (c) failing to provide a defense; (2) the trial court denied him the right to appeal; and (3) the trial court sentenced him based on false information. (Doc. no. 1, p. 7; see doc. no. 3). In response, Respondents argue that Petitioner's claims either lack merit or are procedurally barred. (Doc. no. 11).

Before turning to the merits of the instant petition, the Court will explain the applicable standard of review.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2]Although Petitioner was paroled on February 19, 2007, he is "in custody" on the sentence challenged in this action. (Doc. no. 32, pp. 1-2 (citing Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Carafas v. LaValle, 391 U.S. 234, 238 (1968))).

The United States Supreme Court addressed Section 2254(d) in Brown v. Payton, 544 U.S. 133 (2005). The Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. at 141 (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). In sum, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA sets a highly deferential standard of review for state court factual determinations. The AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro v. Landrigan, 550 U.S. __, 127 S. Ct. 1933, 1939-40 (2007) (quoting 28 U.S.C. § 2254(e)(1)); see also Crawford v. Head, 311 F.3d 1288, 1317

4

(11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Thus, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000). If the record provides any support for a state court's factual findings, this Court may not set aside those findings unless and until they are rebutted by clear and convincing evidence. Crawford, 311 F.3d at 1317.

### III. DISCUSSION

A.  **Procedurally Defaulted Claim**

1.  **Exhaustion and Procedural Default Rules Explained**

Respondents argue that Ground Two of the instant petition, concerning the trial court's alleged denial of an appeal, is procedurally defaulted under Georgia's Successive Petition Rule because Petitioner failed to present this claim to Georgia's courts. (Doc. no. 11, p. 7). The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c)(emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's

federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requirement applies with equal force to all constitutional claims.

As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective assistance of counsel. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent"[3] state procedural grounds, the district

---

[3] A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

6

court is precluded from later reviewing the merits of the claim on collateral attack. Judd, 250 F.3d at 1313.

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Of note here, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, i.e., it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Judd, 250 F.3d at 1313 (internal quotes and citations omitted).

7

creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black v. Hardin, 255 Ga. 239, 240, 336 S.E.2d 754, 755 (1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). Georgia law also requires that claims of ineffective assistance of trial counsel be raised at the "earliest practicable moment" by new counsel, or absent a showing of cause and prejudice, the claims are procedurally defaulted. White v. Kelso, 261 Ga. 32, 33, 401 S.E.2d 733, 734 (1991); Thompson v. State, 257 Ga. 386, 388, 359 S.E.2d 664, 665 (1987).

Also of note, Georgia law requires state habeas petitioners to raise all available grounds for relief in a first or amended habeas petition. See O.C.G.A. § 9-14-51. Under § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

Of course, the Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met:

> A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice.

8

Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991). A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 268 Ga. 820, 826, 493 S.E.2d 900, 906 (1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

Having summarized the applicable procedural default rules, the Court now turns to the threshold issues concerning the trial court's alleged denial of an appeal: (1) whether Ground Two of the instant petition has been procedurally defaulted under Georgia's Successive Petition Rule, and (2) if so, whether the default may be excused.

2. **Application to the Instant Case**

Respondents argue that Ground Two of the instant petition is procedurally barred under Georgia's Successive Petition Rule because Petitioner failed to present this claim to the State courts. (Doc. no. 11, p. 7). In denying relief, the state habeas court found that Petitioner's only asserted grounds for relief were related to ineffective assistance of counsel. (Doc. no. 14, Ex. 2, p. 3). Specifically, the state habeas court explained that "Petitioner contends that he received ineffective assistance of counsel in that his attorney mislead Petitioner, told Petitioner that he would get first offender treatment and probation, and failed to 'inform' the court that the victim had attacked Petitioner on previous occasions." (Id.).

Petitioner contends that, on October 1, 2003, the trial court granted him an out-of-time appeal and that, on October 28, 2003, he filed a notice of appeal, which the trial court failed to send to the Georgia Court of Appeals. (Doc. no. 1, p. 8; doc. no. 3, p. 1). In an effort to "get the trial court to move on [the] out of time appeal," Petitioner maintains that he filed another notice of appeal and mandamus in February 2004, but the trial court again failed to act. (Doc. no. 3, p. 1). Petitioner then filed his state habeas petition, asserting the previously-noted ineffective assistance of counsel claims, none of which relate to Petitioner's claim that the trial court failed to send his October 28th or February 2004 notice of appeal to the Georgia Court of Appeals. (Doc. no. 14, Ex. 1). Nevertheless, assuming the trial court failed send the notice of appeal, this alleged error was not committed by Petitioner's trial counsel, and thus, constitutes a separate basis for relief not presented to the state habeas court. As this basis for relief was available at the time Petitioner filed his state habeas petition and he failed to assert this claim, Petitioner would be barred, under Georgia's Successive Petition Rule, from asserting Ground Two of the instant petition in another state habeas petition. Therefore, Petitioner has procedurally defaulted Ground Two of the instant petition, absent a showing of cause to excuse the default.

In this regard, Respondents argue, and the Court agrees, that Petitioner cannot establish any cause to excuse the procedural default. Petitioner does not allege that any objective, external factor impeded his efforts to comply with Georgia's Successive Petition Rule. Furthermore, Petitioner's failure to properly present Ground Two of the instant petition to the State courts was not the result of ineffective assistance of counsel because he proceeded *pro se* in the state habeas proceedings. Moreover, Petitioner filed the motion for

an out-of-time appeal, not because he believed that he was erroneously convicted of aggravated assault, but instead to challenge the nature of the sentence imposed. (Doc. no. 1, p. 4). In fact, the Georgia Court of Appeals noted that "[d]uring his guilty plea and sentencing hearing, Stephenson admitted that he fired a handgun at a car in which his wife and a male victim . . . were traveling." (Doc. no. 14, Ex. 6, p. 2). As such, the narrow fundamental miscarriage of justice exception does not apply in this case. Murray, 477 U.S. at 496 (explaining that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ . . . ."). Thus, the Court is not persuaded that Petitioner's procedural default should be excused.

In sum, Petitioner's failure to properly exhaust Ground Two of the instant petition has now ripened into a procedural default. Furthermore, Petitioner has failed to show cause excusing this procedural default. As such, Ground Two of the instant petition, now barred by Georgia's Successive Petition Rule, constitutes no basis for federal habeas relief.

**B.     Petitioner Received Effective Assistance of Counsel**

Petitioner argues that his trial counsel was ineffective for: (1) advising him that he would receive probation, (2) failing to interview the victim or the witnesses, and (3) failing to provide a defense. As the state habeas court correctly noted, ineffective assistance of counsel claims are evaluated under the two-prong test stated in Strickland v. Washington, 466 U.S. 668 (1984). (Doc. no. 14, Ex. 2, p. 3). However, the facts of Strickland are dissimilar from those presented here. Because it cannot be said that the result reached by the state habeas court was contrary to clearly established federal law, the Court will focus its

attention on whether the state habeas court unreasonably applied Strickland to the facts of this case. Rompilla v. Beard, 545 U.S. 374, 380 (2005); see also Bell v. Cone, 535 U.S. 685, 699 (2002) ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, [the petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." (internal citations omitted)).

Under the first prong of the Strickland standard, Petitioner must show that his counsel's performance was deficient in that it fell below an "objective standard of reasonableness" considering all the circumstances at the time of counsel's conduct. Strickland, 466 U.S. at 687-92. Nonetheless, the Court's scrutiny of counsel's performance must be "highly deferential," and the Court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. In this regard, the Court must determine whether counsel's performance was within "the wide range of professionally competent assistance," so as "to make the adversarial testing process work in the particular case." Id. at 690.

In this regard, there is a strong presumption that counsel provided "reasonable professional assistance." Id. at 689. For example, decisions concerning which witnesses to interview, as well as which motions to make, are strategic decisions which are entitled to a "heavy measure of deference." Id. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001)

(citation omitted). Indeed, as the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). Consequently, "cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

Under the second prong, the Court must determine whether the deficient performance actually prejudiced Petitioner's case. To satisfy the prejudice prong of the test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In the context of a guilty plea, the Court must inquire as to whether counsel's performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1985). That is, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. In setting forth that standard, the Court emphasized the "fundamental interest in the finality of guilty pleas." Id. at 58. Therefore, to succeed in his federal habeas corpus challenge to his state court conviction via a guilty plea entered on the advice of counsel, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

With these basic principles in mind, the Court now turns its attention to the substance of Petitioner's claims regarding his ineffective assistance of counsel claims.

1.  **Sentencing Advice**

First, the Court addresses Petitioner's claim that his trial counsel advised him that, if he pled guilty, he would receive probation. At the state habeas court's evidentiary hearing, Petitioner's experienced[4] trial counsel, Victor Hawk, explained:

> I had hoped for a better result, but there is [sic] no way I could guarantee the result without any particular recommendation from the District Attorney's Office. In other words, if the District Attorney's Office had recommended a probationary sentence and the court advised that it was not going to accept that, then I could have withdrawn. But in this circumstance there was no way that I could guarantee that [probation]. I mean, I just couldn't do it. It just wasn't available.

(Doc. no. 14, Ex. 5, p. 35). Simply put, Petitioner's trial counsel denied promising Petitioner that, if he pled guilty, he would receive probation. (Id.). In rejecting Petitioner's claim, the state habeas court concluded that "with no recommendation from the prosecutor, Mr. Hawk could not and did not guarantee Petitioner any particular sentence, including probation." (Id., Ex. 2 pp. 5-6). Furthermore, the state habeas court determined that Petitioner was informed at the sentencing hearing that he was subject to being sentenced to forty years in prison. (Id. at 6). Moreover, the state habeas court found that, when the trial judge asked Petitioner if anybody had promised him anything to get him to enter a guilty plea, Petitioner responded negatively. (Id.).

---

[4]At the state habeas court's evidentiary hearing, Mr. Hawk testified that he has been a lawyer, and member of the Georgia bar, for 26 years. (Doc. no. 14, Ex. 5, p. 27). Furthermore, Mr. Hawk explained that, although his practice is principally civil, prior to 1987, it was predominantly criminal in nature. (Id. at 28).

14

Petitioner provides no basis, and the Court is aware of none, upon which to conclude that the state habeas court's reasoning was contrary to or an unreasonable application of federal law. Furthermore, the Court must presume and accept the correctness of the state habeas court's factual findings because Petitioner has failed to submit any evidence, let alone clear and convincing evidence, to rebut these factual findings. Moreover, if the Court were to assume, for the sake of argument, that Petitioner's trial counsel promised Petitioner that he would receive probation, Petitioner is still not entitled to relief because prior to entering his plea, Petitioner was informed that he was subject to being sentenced to forty years in prison. Consequently, Petitioner fails to demonstrate that his case was prejudiced by Mr. Hawk's actions.

### 2. Failure to Interview the Victim or the Witnesses

Next, the Court addresses Petitioner's claim that his trial counsel failed to interview the victim or the witnesses in his case. At the state habeas court's evidentiary hearing, Petitioner's trial counsel explained, "When I was hired, we interviewed every witness that would talk with us about the circumstances of this case." (Doc. no. 14, Ex. 5, p. 31). In denying relief, the state habeas court determined that Petitioner's trial counsel "interviewed Petitioner's estranged wife, . . . , as well as every other witness that would talk to him about the circumstances of the case." (Doc. no. 14, Ex. 2 p. 4). Again, Petitioner provides no evidence to contradict the state habeas court's findings, much less to conclude that the state habeas court unreasonably applied Strickland. Furthermore, Petitioner explains in his brief that "counsel said at [the] motion for new trial hearing that victims were prepared to testified [sic] that Stephenson was waving a gun and driving down the road." (Doc. no. 3, p. 2). This

statement is inconsistent with Petitioner's contention in these federal proceedings that his trial counsel failed to interview the victim or the witnesses in his case. Nevertheless, assuming Petitioner's trial counsel failed to conduct the desired interviews, Petitioner fails to explain how that affected his decision to plead guilty or otherwise prejudiced his case, and thus, he is not entitled to relief.

### 3. Failing to Provide a Defense

Finally, the Court addresses Petitioner's claim that his trial counsel failed to provide a defense. To begin, this claim fails because it is conclusory. Furthermore, it is difficult to ascertain how Petitioner's trial counsel was expected to provide a defense, when Petitioner pled guilty to aggravated assault. Nonetheless, upon review of trial counsel's performance, the state habeas court concluded that:

> When Mr. Howard [the victim] testified at the guilty plea/sentencing hearing, Mr. Hawk cross-examined him as to his prior dealings concerning Petitioner which called Mr. Howard's credibility into question, (Sent. Hrg T. at 11-13), and also spoke in mitigation on behalf of Petitioner (Sent. Hrg T. at 14-21) . . . .
>
> . . . .
>
> Petitioner has failed to establish ether prong of his claims of ineffective assistance of counsel, and on the contrary, it appears that Mr. Hawk represented Petitioner vigorously, zealously, thoroughly and professionally.

(Doc. no. 14, Ex. 2, pp. 6-8). Moreover, Petitioner explains in his brief that, at the sentencing hearing, his counsel told the trial court that he was attacked by the victim. (Doc. no. 3, p. 2). Petitioner also asserts that, on page 22 of the motion for reconsideration, his counsel informed the court that "there is evidence that the victim, Mr. Howard, was trying

16

to crash [into] Mr. Stephenson." (Id.). Additionally, Petitioner submits that, at the hearing for a new trial, his counsel "again said the defendant (Stephenson) was defending hisself [sic]." (Id.). Rather than supporting Petitioner's contention that his trial counsel failed to provide a defense, these statements bolster the state habeas court's findings by demonstrating that trial counsel offered mitigating evidence at Petitioner's sentencing hearing. Simply put, this claim is completely without merit.

In sum, the record provides no indication that Petitioner's trial counsel's performance was deficient or that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Therefore, Petitioner's generalized complaints about his trial counsel's preparation and performance fall far short of demonstrating ineffective assistance of counsel.

### C.     Petitioner was Not Sentenced Based on False Information

Finally, the Court assesses Petitioner's claim that he was sentenced based on false information. Applying Townsend v. Burke, 334 U.S. 736, 740-41 (1948), the Georgia Court of Appeals explicitly rejected this claim. (Doc. no. 14, Ex. 6, pp. 4-5). Affirming Petitioner's sentence, Georgia Court of Appeals reasoned:

> It does appear, as argued by the State, that Stephenson "presented rather conclusive proof that the victim had lied to the court when he denied that he and Ms. Stephenson were romantically involved."
>
> Stephenson argues on appeal that the trial court refused to consider his motion for reconsideration and "should have held [an] evidentiary hearing to determine whether the information was false; whether the false information partially affected the sentence; and whether the sentence should be vacated. . . ." But the trial court did conduct a hearing. Although the court did not allow testimony from witnesses, it did permit Stephenson to make a proffer of evidence . . . . And even assuming the allegations to be true, *the trial court*

17

> *emphatically stated that the victim's false testimony played no role in the sentence it imposed.*
>
> . . . .
>
> Stephenson correctly argues that "[i]t is a denial of due process for the trial judge to rely upon false information" in sentencing a defendant. See Townsend v. Burke, 334 U.S. 736, 740-741 (68 SC 1252, 92 LE2d 1690) (1948) (parenthetical omitted). But . . . , *the trial court did not rely on the victim's false testimony. Instead, the trial court based its sentence on the severity of the crime.* Under these circumstances, reversal is unwarranted.

(Id., Ex. 6, pp. 2-4 (emphasis added)).

Although Petitioner reasserts his appellate argument that he was sentenced based on false information, Petitioner fails to explain how the Georgia Court of Appeals unreasonably applied Townsend to the facts of his case. Petitioner contends that the trial court considered false information pertaining to marital discord, instead of Petitioner's self-defense claims, when imposing his sentence. (Doc. no. 3, p. 2). Rejecting this claim, the Georgia Court of Appeals stated that "the trial court based its sentence on the severity of the crime." (Doc. no. 14, Ex. 6, p. 4). The Court of Appeals further noted that Petitioner's sentence was based upon the fact that the victim was shot on a public street. (Id.). Nothing in the record indicates that Petitioner was sentenced based on marital discord, or the victim's false testimony, and Petitioner has identified no constitutional error.

## IV. CONCLUSION

In sum, all of Petitioner's claims are either procedurally defaulted or devoid of merit. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondents.

SO REPORTED and RECOMMENDED this 13th day of September, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE